IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HEALTH & HUMAN SERVICES, *et al.*, <br><br> Defendants. | Case No. 25-CV-10346-AK |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs hereby respond to the Court's Order to Show Cause why this case is related to *Commonwealth of Massachusetts, et al. v. National Institutes of Health, et al.*, No. 25-cv-10338 (D. Mass. Feb. 10, 2025) (the "*Commonwealth* case"). Doc. No. 44 (Order). Plaintiffs in this case (the "*Association of American Universities* case" or "*AAU* case") filed suit to challenge guidance ("Guidance") issued by the National Institutes of Health ("NIH"). Doc. No. 1. Plaintiffs in the *Commonwealth* case challenged the same Guidance for similar reasons. Doc. No. 44 at 4 (recognizing cases likely share "one or more common questions of law").

Because these cases involve some of the same parties, *see* L.R. 40.1(g)(1)(A), and involve substantially similar issues of fact and arise out of the same occurrence, transaction or property, *see* L.R. 40.1(g)(1)(B), this case should be designated as related to the *Commonwealth* case instead of randomly assigned. Because of the substantial factual overlap, these cases are related not "solely" on the ground that they challenge a government action on a similar basis. Assigning this case to a different judge would be a waste of both judicial and party resources, as it would require two different judges to conduct factfinding about the same harms to many of the same institutions

1

on an expedited basis. And it would cause numerous practical problems if the judges come to different conclusions about the same underlying facts.

*First*, the *AAU* and *Commonwealth* cases concern many of the same parties, as the Defendants in both cases are the same, Doc. 44 at 4 (noting cases name the same Defendants), and there is significant overlap among the plaintiffs. Plaintiffs in this case include higher education associations—the Association of American Universities ("AAU"), the Association of Public and Land-Grant Universities ("APLU"), and the American Council of Education ("ACE")—whose institutional members number in the thousands, as well as over a dozen colleges and universities. *AAU* Compl. ¶¶ 12-27 (Doc. No. 1). Ten of the thirteen named plaintiff institutions in this case, in addition to hundreds of member institutions of the AAU, APLU, and ACE, are based in the states that are Plaintiffs in the *Commonwealth* case. Those states, in turn, are home to hundreds of thousands of individuals affiliated with the institutions and associations represented here.

*Second*, these cases involve "substantially similar issues of fact" and "arise out of the same occurrence, transaction or property." L.R. 40.1(g)(1)(B)(i), (ii). Plaintiffs in both cases challenge the same Guidance—both substantively and procedurally (including challenges to the precise way the Guidance was issued). And because the Guidance applies "across all NIH grants for indirect costs," both sets of Plaintiffs allege harms to research institutions based on the same denials of recovery of indirect costs. *AAU* Compl. ¶ 79 (Doc. No. 1); *Commonwealth* Compl. ¶ 60 (Doc. No. 1) (same). This is not a case where two parties merely challenge the substantive legality of the same statute or regulation. Instead, both parties challenge, *inter alia*, the precise way in which the Guidance was promulgated, *e.g.*, the failure to comply with the APA's procedural requirements or to adequately consider reliance interests. These cases plainly "arise out of the same occurrence [or] transaction." L.R. 40.1(g)(1)(B)(ii). Indeed, the overlapping claims of immediate and

irreparable injury underscore the point. For example, Plaintiffs in this case assert that the Guidance will have "immediate, severe, and destructive effects" on institutions throughout the country, which "poses an immediate threat to the national research infrastructure." *AAU Compl.* ¶¶ 8, 84. Likewise, Plaintiffs in the *Commonwealth* case allege that the Guidance will "devastate critical public health research at universities and research institutions in the United States," and without relief, "these institutions' cutting-edge work to cure and treat human disease will grind to a halt." *Commonwealth* Compl. ¶ 1 (Doc. No. 1).

The factual similarities between these cases, moreover, are highly specific. The *Commonwealth* complaint alleges harm to approximately 50 higher education institutions in the Plaintiff States. *Id.* ¶¶ 88-156. More than 40 of these institutions are members of one or more of the AAU, ACE, and APLU. *Cf. AAU* Compl. ¶ 12 (71 AAU member institutions); *id.* ¶ 13 (over 200 APLU member institutions); *id.* ¶ 14 (over 1,600 ACE member institutions and higher education associations). And both cases specifically rely on harms to the same institutions. *See Commonwealth* Compl. ¶ 110 (relying on harm to University of California, a plaintiff in this case); *Commonwealth* Doc. No. 6, Ex. 34 (declaration from Brown University, a plaintiff in this case); *Commonwealth* Compl. ¶¶ 153-155 (relying on harm to the University of Wisconsin-Madison, also cited in the *AAU* Compl. ¶ 91).

Common issues of fact also exist because both cases seek declaratory and injunctive relief. Because the Court must consider the same factors, the same issues of fact are relevant to both cases. *See, e.g.*, *178 Lowell St. Operating Co., LLC v. Nichols*, 152 F. Supp. 3d 47, 53 (D. Mass 2016); *Norris ex rel. A.M. v. Cape Elizabeth Sch. Dist.*, 969 F.3d 12, 22 (1st Cir. 2020); *Esso Standard Oil Co. v. López-Freytes*, 522 F.3d 136, 148 (1st Cir. 2008).

These close factual ties underscore that these two cases are not related "solely on the

3

ground" that they challenge the same Guidance or involve common questions of law, L.R. 40.1(g)(3); rather, these cases are deeply intertwined based on the facts they implicate and the transactions out of which they arise. *Cf. Conservation Law Found., Inc. v. Mass. Water Res. Auth.*, No. 1:22-cv-10626, 2023 WL 1111135, at *2 (D. Mass. Jan. 30, 2023) (Kelley, J.) (finding two regulatory compliance cases related because they both involved an entity's "compliance with its obligations" and concerned "the same authority" and one of the "same treatment plant[s]").

Because of the overlap between these cases, it would waste both party and judicial resources for the cases to be assigned to different judges. Determining whether the Plaintiffs in each case face irreparable harm sufficient to warrant injunctive relief requires some factfinding, and it makes little practical sense to have two different judges duplicate factfinding given the significant overlap between the alleged harms in each case. If the cases are assigned to different judges, factfinding concerning the same harms to the same institutions would proceed in front of two different factfinders. And that would be especially problematic because the parties in both cases seek relief on an exceptionally expedited timeline. Meanwhile, if different courts somehow reached different conclusions about the facts, that would create significant practical problems. Suppose, for example, that this Court granted a preliminary injunction to *Commonwealth* Plaintiffs but that a different judge hearing the *AAU* case denied the preliminary injunction. That would create substantial uncertainty for all the many institutions that are in the *Commonwealth* Plaintiffs' states and are members of AAU, ACE, or APLU or are named *AAU* plaintiffs. While the *AAU* Plaintiffs naturally believe that any reasonable jurist will agree that the Guidance is unlawful, the Court of course cannot base its related-case determination on that type of merits judgment. *See Conservation Law Foundation*, 2023 WL 1111135, at *3 (two cases involving the same facilities should proceed before the same court based on "the interest of justice and judicial economy" and

to avoid "the risk of issuing inconsistent decisions"). Even absent such a conflict, moreover, problems will arise if the cases proceed on separate tracks: For example, research collaborations between institutions across the country are common. If an institution in the states subject to the *Commonwealth* suit collaborates on a grant with an institution that is a member of AAU, ACE, or APLU but that is outside the *Commonwealth* states, then an order issued only in the *Commonwealth* case may not provide complete relief—because the partner institution may not be assured that the Guidance's 15% cap will not apply to its portion of the work.[1]

For these reasons, the Court should adjudicate this matter as related to the *Commonwealth* case, No. 25-cv-10338.

---

[1] For substantially similar reasons, this case is also related to *Association of American Medical Colleges et al. v. National Institutes of Health et al.*, No. 25-cv-10340 (D. Mass. Feb. 10, 2025) (the "*AAMC* case"). There too, the Defendants overlap. *See* L.R. 40.1(g)(1)(A). In addition, as is true for the *AAU* and *Commonwealth* cases, the *AAU* and *AAMC* cases involve substantially similar issues of fact and arise out of the same occurrence, transaction, or property. *See* L.R. 40.1(g)(1)(B). The challenged Guidance applies equally to plaintiffs in both cases, and the determination of whether relief is appropriate as to each will require the Court to consider the same factors. And because medical schools (represented in the *AAMC* case) and universities (represented in the *AAU* case) conduct joint studies, their grant administration is itself intertwined. For example, the parties in both cases may be denied complete relief if collaborators on a project have to stop work because the Guidance's 15% cap applies to one institution working on a project but not another.

5

Dated: February 12, 2025

JENNER & BLOCK LLP

By: */s/ Lindsay C. Harrison*

Ishan K. Bhabha (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
Lauren J. Hartz (*pro hac vice*)
Elizabeth Henthorne (*pro hac vice*)
Zachary C. Schauf (*pro hac vice pending*)
Adam G. Unikowsky (*pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
LHarrison@jenner.com
LHartz@jenner.com
BHenthorne@jenner.com
ZSchauf@jenner.com
AUnikowsky@jenner.com

Shoba Pillay, BBO No. 659739
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

*Attorneys for All Plaintiffs*

Respectfully submitted,

CLEMENT & MURPHY, PLLC

By: */s/ Paul D. Clement*

Paul D. Clement (*pro hac vice*)
Erin E. Murphy (*pro hac vice*)
James Y. Xi (*pro hac vice*)
Kyle R. Eiswald (*pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
kyle.eiswald@clementmurphy.com

*Attorneys for Association of American Universities, Association of Public and Land-grant Universities, and American Council on Education*

6

**CERTIFICATE OF SERVICE**

Counsel for Plaintiffs certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for plaintiffs hereby certify that they have certified all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Paul D. Clement
Paul D. Clement (*pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com

Dated: February 12, 2025